ROBERT H. ROTSTEIN (SBN 72452),
rxr@msk.com
ELAINE K. KIM (SBN 242066),
ekk@msk.com
EMILY F. EVITT (SBN 261491)
efe@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants,
Lightstorm Entertainment, Inc., and
James Cameron

BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
 pross@bgrfirm.com
Peter Shimamoto (State Bar No. 123422)
 pshimamoto@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone:  (301) 274-7100
Facsimile:  (310) 275-5697

Attorneys for Plaintiff
Gerald Morawski

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| GERALD MORAWSKI,<br><br>      Plaintiff,<br><br>      v.<br><br>LIGHTSTORM ENTERTAINMENT, INC., a California corporation; JAMES CAMERON, an individual; and DOES 1 through 10,<br><br>      Defendants. | CASE NO.  CV11-10294 MMM (JCGx)<br><br>Hon. Margaret M. Morrow<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Trial Date:   March 12, 2013<br>Time:          8:30 a.m.<br>Ctrm.:         650 |

Mitchell
Silberberg &
Knupp LLP

4674435.2

STIPULATED PROTECTIVE ORDER

Pursuant to an agreement between Plaintiff Gerald Morawski ("Plaintiff") and Defendants Lightstorm Entertainment, Inc., and James Cameron (collectively, "Defendants"), and approval of the Court, this Protective Order shall govern the production of confidential documents, portions of documents, deposition testimony or information in this action.

## I.   PURPOSE OF THE PROTECTIVE ORDER

The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, confidential documents, portions of documents, deposition testimony and information produced in this action.

## II.   DESIGNATION OF CONFIDENTIAL DOCUMENTS, PORTIONS OF DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION

Any party or non-party who either produces documents or information, provides written discovery responses or gives deposition testimony in this action may designate such documents, portions of documents, responses, deposition testimony or information as "Confidential Information" or "Restricted Confidential Information" in accordance with the provisions of this Paragraph:

   A.   <u>**Criteria For Classification**</u>

      1.   "Confidential Information."  A party or non-party may designate documents, portions of documents, deposition testimony or information as "Confidential Information" if the party or non-party making such designation reasonably believes that certain designated documents, portions of documents, deposition testimony or information embodies or contains: (a) competitive or confidential business information; (b) sensitive financial information; (c) sensitive proprietary information; (d) sensitive or confidential personal information; or (e)

documents or information of a non-party that the non-party currently maintains as confidential and is seeking to continue to maintain confidential; or (f) trade secrets or other confidential technical or strategic information that has not been made public.

2.    "Restricted Confidential Information."  A party or non-party may designate documents, portions of documents, deposition testimony or information as "Restricted Confidential Information" if (a) the party or non-party making such designation reasonably believes that the documents, portions of documents, deposition testimony or information satisfy the criteria for designating such documents, portions of documents, deposition testimony or information as "Confidential Information" pursuant to Paragraph II(A)(1) above; and (b) the designating party believes, in good faith, the disclosure of the Confidential Information is likely to cause harm to the competitive position of the designating party or non-party holding proprietary rights thereto.  Such "Restricted Confidential Information" documents, portions of documents, deposition testimony and information may include, without limitation, source code, trade secrets, confidential technical information, technical practices, methods, or other know-how, minutes of Board meetings, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with non-parties, market projections or forecasts, strategic business plans, selling or marketing strategies or new product development, testing, manufacturing costs or information about employees.

**B.    Time Of Designation**

Unless otherwise agreed between counsel for the parties, the designation of "Confidential Information" or "Restricted Confidential Information" shall be made at the following times:

1    1. For documents or things, at the time of providing the receiving

2 party with a copy of any requested document or thing;

3    2. For declarations, written discovery responses, and pleadings

4 pending to be filed under seal, at the time of the service or filing, whichever occurs

5 first; and

6    3. For deposition testimony, at the time such deposition testimony

7 is given, by a statement designating the deposition testimony as "Confidential

8 Information" or "Restricted Confidential Information" made on the record or as set

9 forth in Paragraph II(C)(4) below.

10  To the extent a party or non-party does not timely designate documents,

11 portions of documents, deposition testimony or information as "Confidential

12 Information" or "Restricted Confidential Information" such party or non-party may

13 so designate documents, portions of documents, deposition testimony or

14 information as provided under Paragraph II(D), below.

15  **C.** **Manner Of Designation**

16  The designation of documents, portions of documents, deposition testimony

17 or information as "Confidential Information" or "Restricted Confidential

18 Information" shall be made in the following manner:

19    1. For documents, placing the notation "Confidential Information"

20 or "Restricted Confidential Information" on each page of such document

21 containing such "Confidential Information" or "Restricted Confidential

22 Information" ("Confidential" shall be deemed to be the equivalent of "Confidential

23 Information");

24    2. For tangible items and documents produced in native format, by

25 placing the notation "Confidential Information" or "Restricted Confidential

26 Information" on the object, container or electronic folder, or by indicating the

27

28

1  designation in the accompanying cover letter, or if impracticable, as otherwise

2  agreed by the parties;

3         3.     For declarations, written discovery responses, court filings or

4  pleadings, by placing the notation "Confidential Information" or "Restricted

5  Confidential Information" both on the face of such document and on any particular

6  designated pages of such document; and

7         4.     For deposition testimony, by orally designating the beginning

8  and end point of the section of such deposition testimony as being "Confidential

9  Information" or "Restricted Confidential Information" at the time the deposition

10  testimony is given.  Thereafter, the original and all copies of the "Confidential

11  Information" or "Restricted Confidential Information" portions of the transcript of

12  any such deposition testimony shall be separately bound and marked by the Court

13  Reporter with the legend "'CONFIDENTIAL INFORMATION' or

14  'RESTRICTED CONFIDENTIAL INFORMATION.'"  Such transcript and

15  deposition testimony shall be disclosed and used only in accordance with the

16  provisions of this Protective Order.  At the request of Counsel for the designating

17  party supplying the "Confidential Information" or "Restricted Confidential

18  Information," only persons entitled under Paragraph III(A) hereinafter as to

19  "Confidential Information" and/or Paragraph III(B) hereinafter as to "Restricted

20  Confidential Information" shall be permitted to attend that portion of a deposition

21  wherever or whenever any such "Confidential Information" or "Restricted

22  Confidential Information" of such designating party is used or elicited from the

23  deponent.

24      In addition to the above, counsel for any party or non-party may designate a

25  deposition as "Confidential Information" or "Restricted Confidential Information"

26  by serving upon counsel for each party a written list of the specific portions as to

27  which such status is claimed.  Such written list must be served within ten (10)

28

business days after transmittal to counsel of the transcript of such testimony.  All deposition testimony shall be treated as "Restricted Confidential Information" until the expiration of the ten (10) business day period and, if the aforesaid written list is served upon counsel, shall be treated as "Confidential Information" or "Restricted Confidential Information" as so designated.

### D.    Subsequent Designation

Failure to designate and/or mark any document, deposition testimony or information as "Confidential Information" or "Restricted Confidential Information" shall not preclude the designating party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents, portions of documents, deposition testimony, or information so designated.  Such designation and request shall be made in writing.  Once notified of the designation, the receiving party must make reasonable efforts to assure that the document, deposition testimony or information is thereafter treated in accordance with the provisions of this Order, including making reasonable efforts to recover and return to the designating party all non-designated versions of any document, deposition testimony, or information that contains "Confidential Information" and/or "Restricted Confidential Information," and to notify all receivers of the non-designated versions of document, deposition testimony, or information of the designation.  After such designation, such documents, portions of documents, deposition testimony or information shall be fully subject to this Protective Order.  Provided the receiving party and its counsel act in good faith to secure compliance with the terms of this Protective Order with respect to such "Confidential Information" and/or "Restricted Confidential Information" following its designation, the receiving party and its counsel, shall incur no liability for disclosures made prior to notice of such designation.  The designating party may request in writing, and the receiving party shall within 10 days of such a request

provide, an identification in writing of all persons not qualified under this Protective Order who have received the "Confidential Information" or "Restricted Confidential Information" prior to the time it was so designated.

**E.      Resolution Of Disputes Regarding Designation**

The acceptance by a party of "Confidential Information" or "Restricted Confidential Information" shall not constitute an admission or concession or permit an inference that such "Confidential Information" or "Restricted Confidential Information" are, in fact, "Confidential Information" or "Restricted Confidential Information."  However, the documents, portions of documents, deposition testimony or information will be treated as designated unless the receiving party follows the procedures to remove, change or otherwise declassify the designation as set forth in this Paragraph.

If a receiving party, at any time, wishes to have the "Confidential Information" or "Restricted Confidential Information" designation of any particular documents, portions of documents, deposition testimony or information removed or changed, that party shall first request in writing that the designating party or non-party remove its designation and state the reason therefor.  Within ten (10) business days of the service of such request, counsel for the party or non-party seeking confidential treatment shall serve its response in writing to any such notification by either: (i) withdrawing such designation, or (ii) sending a Local Rule 37-1 meet and confer letter, explaining why the party or non-party designating the particular documents, portions of documents, deposition testimony or information believes it is entitled to the designation.  If after the Local Rule 37-1 meet and confer conference the parties do not otherwise resolve the dispute, counsel for the party or non-party seeking confidential treatment may either comply with Local Rule 7-19 or Local Rule 37-2 (Joint Stipulation) to seek permission of the Court to so designate the particular documents, portions of

documents, deposition testimony or information.  Unless otherwise extended by consent of the parties, the designating party or non-party shall file its ex parte application or joint stipulation within 14 days of the Local Rule 37-1 meet and confer conference.  The designating party or non-party shall have the burden of proving that such particular documents, portions of documents, deposition testimony or information are properly designated as "Confidential Information" or "Restricted Confidential Information" pursuant to Article II.  If such application or motion is timely made, the parties shall treat the document, deposition testimony or information as originally designated until the motion is decided by the Court.

## III.   PERSONS TO WHOM CONFIDENTIAL DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION MAY BE DISCLOSED

### A.   <u>Disclosure Of Documents, Portions of Documents, Deposition Testimony And Information Designated As "Confidential Information"</u>

Documents, portions of documents, deposition testimony or information designated by a party as "Confidential Information" may be disclosed and copies may be provided by the receiving party only to the following persons:

(a)   Counsel for the receiving party, as well as their paralegals, clerks, assistants, staff and other persons employed by such counsel;

(b)   Independent experts and consultants of the receiving party and their employees who, prior to receiving the "Confidential Information," sign an undertaking (attached hereto as Exhibit A) that such person has read and agrees to abide by this Protective Order ("the Undertaking");

(c)   The Judge and Court personnel, and any mediator or arbitrator;

(d)     Persons who otherwise had possession of the documents outside of this action, such as third-party authors or recipients;

(e)     The receiving party, and any officer, director, or employee of the receiving party to the extent that counsel for the receiving party reasonably believes it necessary that the "Confidential Information" be shown to that person to aid in the prosecution, defense, or settlement of this action, and any individual Plaintiff's or Defendant's spouse.  Prior to receiving "Confidential Information," each person shall sign  the Undertaking;

(f)     Witnesses, who prior to receiving the "Confidential Information" sign the Undertaking;

(g)     Professional vendors, who are in the business of providing litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits and demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and staff.  Prior to receiving "Confidential Information," each vendor or employee shall sign the Undertaking;

(h)     Court reporters, deposition videographers, and deposition officers employed in this action;

(i)     Attorney services and messengers for purposes of this action;

(j)     Persons that the counsel for the  receiving  party reasonably and in good faith believes, based on testimony or other evidence, have prior knowledge of the "Confidential Information" for the reasons set forth in Paragraph III(D) below; and

(k)     Such other persons as are designated by written agreement between the parties or by Court order.

**B.** **Disclosure Of Documents, Portions of Documents, Deposition Testimony And Information Designated As "Restricted Confidential Information"**

Documents, portions of documents, deposition testimony and information designated as "Restricted Confidential Information" may be disclosed and copies may be provided by the receiving party only to the persons listed in subparts (a), (b), (c), (d), (g), (h), (i), (j) and (k) of Paragraph III(A) above.  The persons listed in subparts (b) and (g) must sign the Undertaking prior to receiving "Restricted Confidential Information."

**C.** **Undertaking Required By Party Receiving "Confidential Information" Or "Restricted Confidential Information"**

As specified in Paragraphs III(A) and III(B), *supra*, certain recipients of another party's "Confidential Information" or "Restricted Confidential Information" documents, portions of documents, deposition testimony and information subject to this Protective Order, prior to accepting receipt thereof, shall be furnished with a copy of this Protective Order.  Such recipients shall agree to be bound thereby by executing the Undertaking, in the form attached hereto as Exhibit A, certifying that the recipient is familiar with the terms of this Protective Order and agrees to be bound by its terms and, specifically, that the recipient will not disclose any "Confidential Information" or "Restricted Confidential Information" except as provided in this Protective Order, and will not use any "Confidential Information" or "Restricted Confidential Information" except for the purpose of this litigation.  A copy of such signed Undertaking shall be provided by the receiving party's counsel of record to the designating party counsel of record at the conclusion of this action.

**D.** **Additional Authorized Disclosure Of Documents, Portions of**
**Documents, Deposition Testimony Or Information Designated As**
**"Confidential Information" or "Restricted Confidential**
**Information"**

Notwithstanding anything to the contrary in Paragraphs III(A) or III(B) above, particular documents, portions of documents, deposition testimony and information that have been designated as "Confidential Information" or "Restricted Confidential Information" may be disclosed and copies may be provided to persons who can be shown from the face of the document to have authored, prepared, reviewed, or received the document or for whom, at deposition testimony, a proper foundation has been laid establishing that the witness was a recipient of the document or the information contained within it.  Nor shall it prevent a party from examining a witness in deposition about "Confidential Information" or "Restricted Confidential Information," even if the witness refuses to sign the Undertaking, where testimony or other evidence shows that the witness may have previously been aware of or have previously seen the document or information.

**IV.** **USE OF "CONFIDENTIAL INFORMATION" OR "RESTRICTED**
**CONFIDENTIAL INFORMATION"**

**A.** **Use Of Designated Documents and Information**

1.      "Confidential Information" or "Restricted Confidential Information" shall be used by the receiving parties, their respective agents, and any other persons to whom such documents, portions of documents, deposition testimony and information may be disclosed pursuant to the Protective Order, for no purpose other than: (a) the prosecution or defense of this action; or (b) as otherwise compelled by lawful process (provided the designating other party is

given reasonable notice to object); or (c) as otherwise required by law; or (d) as permitted by the Court.

2. Notwithstanding the parties' designation of "Confidential Information" or "Restricted Confidential Information," any Court hearing that refers to or describes "Confidential Information" or "Restricted Confidential Information" may be held in open court with records unsealed, provided the designating party is afforded reasonable notice of the receiving party's intent to disclose such "Confidential Information" or "Restricted Confidential Information" in open court, so that the designating party has a reasonable opportunity to seek to maintain the confidentiality of the "Confidential Information" or "Restricted Confidential Information." However, any party may request that the proceedings be conducted in camera out of the presence of any unqualified persons, and any transcript relating thereto be designated as "Confidential Information" or "Restricted Confidential Information" and prepared in accordance with the provisions of Paragraph II(C) above.

3. In the event a party wishes to use any "Confidential Information" or "Restricted Confidential Information" of the other party in any affidavits, briefs, memoranda of law, or other papers to be filed in Court in this litigation, the party shall apply to file such affidavits, briefs, memoranda of law, or other papers under seal pursuant to Local Rule 79-5.

4. "Confidential Information" or "Restricted Confidential Information" documents, portions of documents, deposition testimony or information may be introduced at trial, and may be offered into evidence in open court, unless the opposing party obtains an appropriate protective order from the Court before their introduction.

5.      Nothing in this Protective Order shall affect the admissibility of "Confidential Information" or "Restricted Confidential Information," or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of "Confidential Information" or "Restricted Confidential Information." This Protective Order is without prejudice to any party seeking an order from this Court imposing further restrictions on the dissemination of "Confidential Information" or "Restricted Confidential Information," or seeking to rescind, modify, alter, or amend this Protective Order with respect to specific information.

6.      In the event any person in receipt of "Confidential Information" or "Restricted Confidential Information" shall receive a written request, subpoena, or Court Order seeking disclosure of another party's "Confidential Information" or "Restricted Confidential Information," such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the designating party of the request, subpoena, or Court Order, and shall provide counsel for the designating party with a copy of the same, unless prohibited by law.

## V.   DOCUMENTS, PORTIONS OF DOCUMENTS, DEPOSITION TESTIMONY AND INFORMATION EXCLUDED FROM PROTECTIVE ORDER

The obligations relating to any document, deposition testimony or information subject to this Protective Order shall not apply to any document, deposition testimony or information designated as being subject to this Protective Order which: (a) was lawfully in the receiving party's possession prior to the receipt from the supplying party; (b) became public knowledge by means not in violation of the provisions of this Protective Order; (c) is lawfully discovered independently by the receiving party; or (d) is exempted from the provisions of this

Protective Order by written consent of the party producing such "Confidential Information" or "Restricted Confidential Information."  Notwithstanding the provisions of Article III above, nothing herein shall prevent any producing party from using or disclosing its own "Confidential Information" or "Restricted Confidential Information."  Nothing in this Order shall preclude any party from showing an employee of a designating party at a deposition of that employee any "Confidential Information" or "Restricted Confidential Information" of the designating party.

## VI.   RETURN OF DOCUMENTS, PORTIONS OF DOCUMENTS, DEPOSITION TESTIMONY OR INFORMATION

Within sixty (60) days after conclusion of litigation, outside counsel for each receiving party or other individual subject to this Protective Order (which does not include the Court and Court personnel) shall be under an obligation to assemble and return to the designating party, or to destroy (and certify the destruction) should the designating party so permit, any document, deposition testimony and information subject to this Protective Order and all copies thereof.  Any copy of any document, deposition testimony or information designated by the opposing party as "Confidential Information" or "Restricted Confidential Information" containing notes of outside counsel may be destroyed rather than returned.  Notice of the return or destruction of any "Confidential Information" or "Restricted Confidential Information" shall be made in writing, and notice of receipt thereof shall be acknowledged in writing.  Notwithstanding the foregoing provisions of this Paragraph, outside counsel shall be entitled to retain all memoranda or reports prepared by them or any expert witness or consultant which contain "Confidential Information" or "Restricted Confidential Information" and litigation documents containing "Confidential Information" or "Restricted Confidential Information"

Mitchell
Silberberg &
Knupp LLP

4674435.2

STIPULATED PROTECTIVE ORDER

1   which become part of the record of this action, including pleadings, briefs,

2   deposition transcripts and exhibits.  Additionally, each party may retain, with its

3   outside counsel, one archival set of documents, deposition testimony and

4   information designated "Confidential Information" or "Restricted Confidential

5   Information."  However, such litigation documents and archival set of

6   "Confidential Information" or "Restricted Confidential Information" shall be used

7   only for the purpose of preserving a record of the action, and shall not, without the

8   written permission of the opposing party or an order of this Court, be disclosed to

9   anyone other than those to whom such information was actually disclosed, in

10  accordance with this Protective Order, during the course of this action.

11

12  **VII.   SURVIVAL**

13       All obligations and duties arising under this Protective Order shall survive

14  the termination of this action.

15

16  **VIII.  INADVERTENT PRODUCTION**

17       The inadvertent or mistaken disclosure of any "Confidential Information" or

18  "Restricted Confidential Information" by a producing party, without the

19  designation required under Article II, above, shall not constitute a waiver of any

20  claim that the inadvertently disclosed material is entitled to protection under this

21  Order, if such inadvertent or mistaken disclosure is brought to the attention of the

22  receiving party promptly after the producing party's discovery of such disclosure.

23  Along with notice of inadvertent or mistaken disclosure, the producing party shall

24  provide properly marked documents, for use consistent with this Order, to each

25  party to whom "Confidential Information" or "Restricted Confidential

26  Information" was inadvertently disclosed; and upon receipt of these properly

27  marked documents, the receiving party shall return to the producing party, or

28

1   destroy, the improperly marked documents that were initially produced, along with
2   any copies or duplicates thereof.

3        If a party through inadvertence produces or provides discovery which it
4   believes is subject to a claim of attorney-client privilege or work product
5   immunity, in the event the receiving party discovers that it has received such
6   documents, it will bring that fact to the attention of the producing party
7   immediately upon discovery.  In the event that the producing party discovers that it
8   has produced either attorney-client privilege or work-product-protected documents,
9   it will bring that fact to the attention of the receiving party immediately upon
10  discovery.  Upon request by the producing party, the receiving party will promptly
11  return to the producing party any attorney-client privilege or work-product-
12  protected document and any copies that the receiving party may have made.  Upon
13  request by the producing party, the receiving party will promptly disclose the
14  names of any individuals who have read or have had access to the attorney-client
15  privilege or work-product-protected document.  Further, the receiving party must
16  take reasonable steps to retrieve the information if the receiving party disclosed it
17  before being notified.  Return of the documents by the receiving party shall not
18  constitute an admission or concession, or permit any inference, that the returned
19  document or thing is, in fact, properly subject to a claim of attorney-client privilege
20  or work-product immunity nor shall it foreclose any party from moving the Court
21  for any order that such document or thing has been improperly designated or
22  should be producible for reasons other than a waiver caused by the inadvertent
23  production.

24

25  **IX.   NO IMPLIED WAIVER OR ADMISSION**

26       No party shall be obligated to challenge the propriety of any designation of
27  "Confidential Information" or "Restricted Confidential Information" by another

28

Mitchell
Silberberg &
Knupp LLP

4674435.2

1  party or non-party, and the failure to do so shall not constitute a waiver or

2  otherwise preclude a subsequent challenge to the designation.

3

4  **X.    NOTICE AND SERVICE**

5         For purposes of any provisions in this Protective Order requiring or

6  permitting service of a notice, objections, requests, responses, designations or the

7  like, service shall be accomplished either by email or by overnight delivery via

8  commercial delivery service to all counsel of record.  When served via email,

9  service shall be deemed complete on the date of transmission if the electronic

10  transmission occurs before 5:00 p.m. Pacific time; otherwise, service shall be

11  deemed complete the next business day.  Service via overnight delivery shall be

12  deemed complete upon delivery.

13

14         **IT IS SO ORDERED.**

15

16  Date: June 11, 2012            By:_____

17                                      Hon. Jay C. Gandhi, Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

4674435.2

16

STIPULATED PROTECTIVE ORDER

1     **EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

2         I have read the Protective Order governing the production of "Confidential

3 Information" and "Restricted Confidential Information" in the case of *Morawski v.*

4 *Lightstorm Entertainment, Inc., et al.*, CV11-10294 MMM (JCGx) ("Order").  I

5 understand the terms of the Order and agree to be fully bound by them,

6 specifically, that I will not disclose any "Confidential Information" or "Restricted

7 Confidential Information" except as provided in the Order, and will not use any

8 "Confidential Information" or "Restricted Confidential Information" except for the

9 purpose of this litigation.  I hereby submit to the jurisdiction of the U.S. District

10 Court, Central District of California, for purposes of enforcement of the Order.  I

11 understand that any violation of the terms of the Order may be punishable by

12 money damages, interim or final injunctive or other equitable relief, sanctions,

13 contempt of court citation, or such other or additional relief as deemed appropriate

14 by the Court.

15

16 Date: _____   Signature:  _____

17

18

19

20

21

22

23

24

25

26

27

28