BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
 pross@bgrfirm.com
Peter Shimamoto (State Bar No. 123422)
 pshimamoto@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff Gerald Morawski

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GERALD MORAWSKI,<br><br>Plaintiff,<br><br>vs.<br><br>LIGHTSTORM ENTERTAINMENT, INC., JAMES CAMERON and DOES 1 through 10,<br><br>Defendants. | Case No. CV-11-10294 MMM (JCGx)<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF UNREDACTED DOCUMENTS**<br><br>[REDACTED]<br><br>Hon. Jay C. Gandhi<br><br>Time:     2:00 p.m.<br>Date:     November 6, 2012<br>Ctrm.:    827-A<br><br>Discovery cutoff for this<br>motion to compel:  November 30, 2012<br>Pretrial conference: February 11, 2013<br>Trial date:              March 12, 2013 |

346566.1

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF UNREDACTED DOCUMENTS

Defendants' contention that Plaintiff should be precluded from obtaining unredacted copies of nine pages of documents containing information defendants unilaterally withheld from production lacks merit.

First, defendants' assertion that the information sought is not relevant because it ultimately was not used in *Avatar* is baseless.[1] Plaintiff contends that *Avatar* is based on *Guardians of Eden*, which Plaintiff pitched to defendants in two one-hour meetings in December 1991. Defendants assert that *Avatar* is not based on *Guardians of Eden*, but instead was independently created. The information defendants seek to withhold is directly relevant to that issue. The fact that ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ contain information that is either identical or very similar to what Plaintiff has expressly asserted he pitched to defendants in December 1991 and/or is in Plaintiff's pre-pitch notes is persuasive evidence that *Avatar* was not independently created, but instead is based on *Guardians of Eden*. (Oct. 5, 2012 Shimamoto Decl. ¶¶15-16) The absence of those particular ideas from the version of *Avatar* that was ultimately released does not alter the fact that this evidence demonstrates that defendants were thinking of *Guardians of Eden* ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.[2]

Defendants' further contention that the information they are withholding is not contained in *Guardians of Eden* is also incorrect. Plaintiff is precluded from

---

[1] Defendants' contention that *Avatar* is not similar to *Guardians of Eden* is erroneous. Among other things, defendants conveniently ignore Plaintiff's testimony and other evidence regarding the documents they cite. Contrary to defendants' assertion, and as noted in Plaintiff's portion of the Joint Stipulation, Plaintiff's claims are supported by substantial evidence, including but not limited to, Plaintiff's testimony, documents Plaintiff created prior to the 1991 pitch meetings, and testimony of at least six witnesses to whom Plaintiff described *Guardians of Eden* years before *Avatar* was released.

[2] ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

1

describing precisely what that information is, and how it relates to *Guardians of Eden*, because one of the conditions defendants imposed in permitting Plaintiff's counsel to review the redacted material was that Plaintiff's counsel would be precluded from disclosing its content to anyone. (Oct. 5, 2012 Shimamoto Decl. ¶11) Plaintiff would be happy, however, to provide such an explanation for the Court's *in camera* review if permitted to do so.[3]

Defendants' further contention that they should not be required to produce the redacted information because some of it is not contained in Plaintiff's interrogatory response describing his pitch also lacks merit.[4] Plaintiff pitched *Guardians of Eden* to defendants for two hours. He cannot be expected to identify every element he pitched to defendants. The fact that the same ideas appear in both Plaintiff's 1991 pre-pitch notes regarding *Guardians of Eden* and in ███████████████, however, indicates that Plaintiff likely pitched those ideas to defendants in 1991. Defendants' arguments based on an a purported lack of relevance therefore fail.

Defendants' argument that Plaintiff purportedly does not "need" the redacted information is also baseless. Plaintiff agrees with defendants' statement that Plaintiff "has abundant evidence showing that what he pitched was used in *Avatar*." That does not mean, however, that Plaintiff should be precluded from having access to additional evidence that provides further support for his claims. There is no other source for the specific evidence Plaintiff seeks here, namely, that ████████████████████████████████████████████ contain ideas that are identical or very similar to ideas contained in *Guardians of Eden*. The absence of any other source for this information easily satisfies any requirement of

---

[3] Plaintiff would need to have access to the pages at issue again to do so.

[4] This objection only applies to one or two of the entries at issue, as Plaintiff has expressly identified the vast majority of the disputed information as having been contained in his December 1991 pitch to defendants.

2

"need."

Finally, defendants' contention that the purported harm caused by production of the information at issue outweighs its relevance also lacks merit.[5] The Protective Order specifically provides a mechanism for handling confidential information.[6] Courts frequently handle alleged "trade secrets," and can effectively do so here.

Plaintiff's motion should be granted.

DATED: October 23, 2012

BROWNE GEORGE ROSS LLP
Peter W. Ross
Peter Shimamoto

By _____
Peter Shimamoto
Attorneys for Gerald Morawski

---

[5] In addition, defendants have failed to establish that the information constitutes trade secrets, as they have only made the conclusory assertion that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

[6] *Hartley Pen Co. v. U.S. District Court*, 287 F.2d 324 (9th Cir. 1961), cited by defendants, is inapposite because, unlike here, no protective order had been entered in that case.