1  BROWNE GEORGE ROSS LLP
   Peter W. Ross (State Bar No. 109741)
2     pross@bgrfirm.com
   Peter Shimamoto (State Bar No. 123422)
3     pshimamoto@bgrfirm.com
   2121 Avenue of the Stars, Suite 2400
4  Los Angeles, California 90067
   Telephone: (310) 274-7100
5  Facsimile: (310) 275-5697

6  Attorneys for Plaintiff Gerald Morawski

7

8                   UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | GERALD MORAWSKI,                    | Case No. CV-11-10294 MMM (JCGx)
   |                                     | The Hon. Margaret M. Morrow
12 |     Plaintiff,                      |
   |                                     | **DECLARATION OF PETER SHIMAMOTO IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS LIGHTSTORM ENTERTAINMENT INC. AND JAMES CAMERON TO PROVIDE DAMAGES DISCOVERY**
13 |     vs.                             |
14 | LIGHTSTORM ENTERTAINMENT,            |
   | INC., JAMES CAMERON and DOES 1       |
15 | through 10,                          |
   |                                     |
16 |     Defendants.                      |
   |                                     | Hon. Jay C. Gandhi
17 |                                     |
   |                                     | Time:    2:00 p.m.
18 |                                     | Date:    November 13, 2012
   |                                     | Ctrm.:   827-A
19 |                                     |
   |                                     | Discovery cutoff for this
20 |                                     | motion to compel:  November 30, 2012
   |                                     | Pretrial conference: February 11, 2013
21 |                                     | Trial date:         March 12, 2013

---

DECLARATION OF PETER SHIMAMOTO IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS TO PROVIDE DAMAGES DISCOVERY

## DECLARATION OF PETER SHIMAMOTO

I, Peter Shimamoto, declare as follows:

1. I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California. I am a partner with the firm of Browne George Ross LLP, counsel of record for Plaintiff Gerald Morawski in this matter. I have personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2. Attached hereto as Exhibit A is a true and correct copy of a Confidentiality and Non-Disclosure Agreement ("NDA") that was produced in this action.

3. Attached hereto as Exhibit B is a true and correct copy of excerpts of the transcript of the July 12, 2012 deposition of Gerald Morawski. Mr. Morawski has designated the entire deposition transcript as confidential.

4. Attached hereto as Exhibit C is a true and correct copy of excerpts of the July 31, 2012 deposition of James Cameron. Mr. Cameron has designated the entire deposition transcript as confidential.

5. Attached hereto as Exhibit D is a true and correct copy of the First Amended Complaint (Doc. No. 6) in this action.

6. On April 23, 2012, the Court entered a Minute Order establishing the initial case schedule for this matter (Doc. No. 22). A true and correct copy of the April 23, 2012 Minute Order is attached hereto as Exhibit E. Among other things, the Order provided that damages discovery could not commence until July 27, 2012. The Order also established a fact discovery cutoff date of October 26, 2012.

7. On May 4, 2012, the Court entered an Order pursuant to the parties' joint stipulation providing that the ban on damages discovery would be lifted on August 10, 2012 (Doc. No. 25). A true and correct copy of the May 4, 2012 Order is attached hereto as Exhibit F.

8. On July 20, 2012, the Court entered an Order pursuant to the parties' joint stipulation providing that the ban on damages discovery would be lifted on September 7, 2012 (Doc. No. 31). A true and correct copy of the July 20, 2012 Order is attached hereto as Exhibit G.

9. On October 3, 2012, the Court entered a Minute Order that, among other things, continued the discovery cutoff date to November 30, 2012, solely for a motion to compel unredacted documents and motions to compel damages discovery (Doc. No. 45). A true and correct copy of the October 3, 2012 Order is attached hereto as Exhibit H.

10. On September 7, 2012, the first day Plaintiff was allowed to serve damages discovery, Plaintiff separately served his Third Set of Document Requests on Defendants Lightstorm Entertainment, Inc. ("Lightstorm") and James Cameron ("Cameron), and his Third Set of Interrogatories on Lightstorm and Cameron, seeking discovery relating to Plaintiff's damages.

11. On October 9, 2012, Lightstorm and Cameron served their responses to Plaintiff's Third Set of Document Requests and Third Set of Interrogatories. Defendants served their responses by regular mail. In their responses, defendants refused to provide any of the discovery sought, with the exception of one interrogatory each (Interrogatory No. 25 to Lightstorm; Interrogatory No. 23 to Cameron).

12. On Wednesday, October 10, 2012, I sent a letter to defendants' counsel, Elaine Kim, stating that, for the reasons I had previously discussed with her regarding Plaintiff's subpoena to Twentieth Century Fox Film Corporation, Plaintiff is entitled to the damages discovery sought. I requested a meet and confer, and suggested that it occur after the deposition of Alexandra Drobac, which was scheduled to be held on October 11, 2012. A true and correct copy of my October 10, 2012 letter to Ms. Kim is attached hereto as Exhibit I.

13. On Wednesday, October 10, 2012, Ms. Kim sent me an email stating that she would not be attending Ms. Drobac's deposition, and offering to meet and confer at the deposition of Randall Frakes. Mr. Frakes' deposition was not scheduled to occur until Friday of the following week, October 19, 2012. A true and correct copy of Ms. Kim's October 10, 2012 email is attached hereto as Exhibit J.

14. On Thursday, October 11, 2012, I sent Ms. Kim an email stating that there was no reason to delay the meet and confer until October 19, and that I would call her after Ms. Drobac's deposition was concluded. A true and correct copy of my October 11, 2012 email to Ms. Kim is attached hereto as Exhibit K.

15. Attached hereto as Exhibit L is a true and correct copy of an October 11, 2012 email Ms. Kim sent to me, responding to my email of that date.

16. On Thursday, October 11, 2012, I had a telephonic meet and confer with Ms. Kim regarding defendants' responses to Plaintiff's Third Set of Document Requests and Third Set of Interrogatories. I sent Ms. Kim an email shortly thereafter summarizing the meet and confer. A true and correct copy of my October 11, 2012 email is attached hereto as Exhibit M. Among other things, I stated that, although Plaintiff disagreed with Mr. Cameron's response to Interrogatory No. 23, and Lightstorm's response to Interrogatory No. 25, Plaintiff would not be moving to compel further responses to those Interrogatories. I further proposed that, with respect to the Requests that sought documents relevant to Plaintiff's claim for punitive damages (Request Nos. 56-58 to Mr. Cameron, and Request Nos. 57-61 to Lightstorm), Plaintiff would agree not to move to compel with respect to those Requests, provided defendants agreed to produce such documents if a finding was made that would entitle Plaintiff to recover punitive damages.

17. On Monday, October 15, 2012, I had a further meet and confer with Ms. Kim. Ms. Kim stated that Defendants would accept Plaintiff's offer regarding the document requests that sought documents relevant to Plaintiff's claim for

345658.1

-3-

DECLARATION OF PETER SHIMAMOTO IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PROVIDE DAMAGES DISCOVERY

1 punitive damages (Request Nos. 56-58 to Mr. Cameron, and Request Nos. 57-61 to
2 Lightstorm). The parties were unable to reach any agreement regarding the
3 remaining document requests and interrogatories at issue.
4     18. Attached hereto as Exhibit N is a true and correct copy of the June 11,
5 2012 Protective Order in this case (Doc. No. 27).
6     Executed this 15th day of October, 2012 at Los Angeles, California.
7     I declare under penalty of perjury under the laws of the United States of
8 America that the foregoing is true and correct.

*/s/ Peter Shimamoto*
Peter Shimamoto