UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10294 MMM (JCGx) | | Date | November 1, 2012 |
|---|---|---|---|---|
| Title | Gerald Morawski v. Lightstorm Entertainment Inc., et al. | | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | |
|---|---|---|
| Beatriz Martinez | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None Present | | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER DIRECTING FURTHER MEET AND CONFER ON PLAINTIFF'S MOTIONS TO COMPEL PRODUCTION OF DAMAGES DISCOVERY**

The Court has preliminarily reviewed (1) Plaintiff's motion to compel against Defendants for damages discovery; and (2) Plaintiff's motion to compel against third-party Twentieth Century Fox Film Corporation. [*See* Dkt. Nos. 95-97, 99.]

Both motions raise similar contentions and, accordingly, the Court discusses them together for the sake of efficiency.

Both motions are scheduled for hearing on November 13, 2012.

On its own motion, the Court **DIRECTS** the parties to further meet and confer, **fully and diligently and in person**, on the relief sought by this motion, including whether mutually-acceptable, reasonable compromises cannot be achieved here, such as, without prejudging any matter, (1) Defendants and 20th Century Fox produce damages discovery; and (2) Defendants and 20th Century Fox may deem the information confidential under the existing protective order.

In sum, this discovery fight is over allowable damages. On the one hand, Plaintiff believes he may be entitled to lost-profits damages for the movie *Avatar*. On the other hand, Defendants and 20th Century Fox believe he is entitled to recover, if anything, only the market value of his *Guardians of Eden* idea at the time it was pitched to Defendants. On balance, the Court sides with Plaintiff at this juncture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10294 MMM (JCGx) | Date | November 1, 2012 |
|---|---|---|---|
| Title | Gerald Morawski v. Lightstorm Entertainment Inc., et al. | | |

Three reasons guide this determination.

First, the Ninth Circuit's decision in *Landsberg* appears controlling. *See Landsberg v. Scrabble Crossword Games Players, Inc.*, 802 F.2d 1193 (9th Cir. 1986). There, the defendants argued that the plaintiff's damages were limited to the reasonable market value of the idea then offered (*i.e.*, a manuscript), and not lost profits. The Ninth Circuit disagreed.

The Ninth Circuit first noted that the plaintiff "argues that the contract was not for the use of his manuscript, but for [the defendant] refraining from using it without his permission." *Id.* at 1198. The Ninth Circuit then explained that the plaintiff was entitled to the defendants' profits – as a measure of damages – because the defendant's breach "resulted in [the plaintiff] losing the opportunity to market his work as he saw fit" and "the profits from [the defendant's] exploitation of it are both the best measure of his losses due to the breach" and consistent with California law. *Id*. The Court further explained its rationale. It said that "[t]o read the contract as requiring anything less than both compensation and permission would be to sanction a forced exchange." *Id*.

It does not end there. The Ninth Court also rejected the same arguments that are being advanced here by Defendants and 20th Century Fox. In *Landsberg*, the Ninth Circuit rejected the defendants' argument that the profits of a third party to an implied contract (*i.e.*, Crown Books) cannot be part of the damages calculus; as the Court stated, the fact that a third party "reaped part of the benefit" of the breach does not reduce the plaintiff's recovery. *Id.* The Court also rejected the notion that the "massive marketing power" of the defendants and the third party "combined to produce sales far in excess of those that reasonably could have been made" by the plaintiff. *Id.*

Defendants and 20th Century Fox do contend that *Landsberg* is inapposite, but the Court is unpersuaded by the arguments.

Defendants argue that "[t]he very contractual term on which the *Landsberg* decision turned is absent here," namely, "an agreement to *refrain from using* plaintiff's idea *without his permission*." [Jt. Stip. at 6.[1]], Defendants cite the parties' written

---

[1] Joint Stipulation citations are specifically with respect to Plaintiff's motion to compel against Defendants for damages discovery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10294 MMM (JCGx) | Date | November 1, 2012 |
|---|---|---|---|
| Title | Gerald Morawski v. Lightstorm Entertainment Inc., et al. | | |

agreement, and focus on the word "acquire."[2] [*Id.* at 4-5.] According to Defendants, "[t]he word 'acquire' clearly implies a purchase and sale, but not a restriction on use." [*Id.* at 6.] One might consider Defendants' reading of the agreement, at a minimum, open to interpretation, and look to the other contractual language, such as that Plaintiff "shall retain as [his] exclusive property, all original ideas and artwork created by [him]." [*Id.* at 5.] But even that notwithstanding, Plaintiff alternatively advances two implied-in-fact contractual claims, and specifically alleges those contracts prohibited Defendants from using Plaintiff's idea "without Plaintiff's consent." [FAC at ¶¶ 38, 46.] Both of these aspects place Plaintiff within the ambit of *Landsberg*.

Defendants also argue that, unlike *Landsberg* which involved a completed book, "Plaintiff here was the purveyor of a general idea and has never written a screenplay, much less directed, produced, or distributed a motion picture." [Jt. Stip. at 6.] So, unlike the plaintiff in *Landsberg*, Plaintiff here could never have earned the profits received by Defendants. [*Id.*] Aside from this sounding like a factual dispute between the parties, it bears noting that the Ninth Circuit rejected a similar position in *Landsberg*. As the Ninth Circuit summed up, "[t]his assertion may well be true as an abstract marketing theory, but it does not follow that [the plaintiff's] damages are limited to some expert's opinion of the sales that might have been predicted had [the plaintiff] acted alone." *Landsberg*, 802 F.2d at 1198.

A final brief word is in order regarding *Landsberg*. Defendants vociferously assert that "Plaintiff's claims have no merit; more pointedly, his lawsuit is a con." (Jt. Stip. at 5.) That ultimately remains to be seen, but *Landsberg* remains binding precedent, and at this juncture, particularly during the discovery stage, information concerning profits appears relevant and necessary under the circumstances presented here. The Court again refers the parties to the instructive decision of the Ninth Circuit in *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). The "broad right of discovery is based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Id.* (citation omitted).

Second, Defendants stand on the "highly confidential nature" of the documents at

---

[2] The clause at issue states: "*...and should Lightstorm wish to acquire your property, the parties will negotiate therefor.*" [*Id.* at 5.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10294 MMM (JCGx) | Date | November 1, 2012 |
|---|---|---|---|
| Title | Gerald Morawski v. Lightstorm Entertainment Inc., et al. | | |

issue. The Court has addressed that issue in the context of Plaintiff's earlier motion for the production of unredacted documents. Bottom line, the documents at issue may be highly sensitive, but that is not cause alone to prohibit their production. Courts routinely require the production of sensitive information and rely on protective orders to shield the information from disclosure. *See e.g.*, *Weaver v. Tampa Inv. Group, LLC*, 2012 WL 4936052, at *3 (N.D. Cal. Oct. 16, 2012) (ordering production of trading model); *In re Facebook PPC Adver. Litig.*, 2011 WL 1324516, at *1 (N.D. Cal. Apr. 6, 2011) (ordering production of "extremely sensitive" information, including source code); *Urbina v. Goodyear Tire & Rubber Co.*, 2009 WL 481655, at *3 (C.D. Cal. Feb. 23, 2009) (ordering production of "closely guarded core trade secret").

Third, Defendants contend that, if the Court is inclined to permit discovery into Defendants' profits, the range of confidential documents and information is overbroad. But Defendants provide no viable alternative. Defendants simply say "all Plaintiff would need would be documents sufficient to show Defendants' net profit on *Avatar*." (Jt. Stip. at 35.) Net profit alone, however, may not fully capture the entire mosaic of monies that flowed here.

The Court reminds all parties that "[t]he great operative principle of Rule 37(a)(5) is that the loser pays." *See, e.g.*, 8B CHARLES ALAN WRIGHT, *et al.*, FEDERAL PRACTICE & PROCEDURE § 2288 (3d ed. 2012).

If the parties are able to resolve their discovery disputes, as the Court **now** anticipates, the parties shall so advise the Courtroom Deputy Clerk **forthwith** and file notices of withdrawal of the motions to compel.

*It is so ordered.*

:

Initials of Preparer     bm