| | |
|---|---|
| 1 | ROBERT H. ROTSTEIN (SBN 72452), rxr@msk.com |
| 2 | ELAINE K. KIM (SBN 242066), ekk@msk.com |
| 3 | MITCHELL SILBERBERG & KNUPP LLP 11377 West Olympic Boulevard |
| 4 | Los Angeles, California 90064-1683 Telephone: (310) 312-2000 |
| 5 | Facsimile: (310) 312-3100 |
| 6 | Attorneys for Defendants, Lightstorm Entertainment, Inc. and |
| 7 | James Cameron |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| GERALD MORAWSKI, | CASE NO. CV 11-10294-MMM (JCGx) |
|---|---|
| Plaintiff, | Hon. Margaret M. Morrow |
| v. | **DECLARATION OF ELAINE K. KIM IN SUPPORT OF DEFENDANTS LIGHTSTORM ENTERTAINMENT, INC. AND JAMES CAMERON'S MOTION FOR SUMMARY JUDGMENT** |
| LIGHTSTORM ENTERTAINMENT, INC., a California corporation; JAMES CAMERON, an individual; and DOES 1 through 10, | |
| Defendants. | Time: 10:00 a.m.<br>Date: January 14, 2013<br>Ctrm.: 780 |
| | [Notice of Motion and Motion for Summary Judgment; Separate Statement of Undisputed Facts and Conclusions of Law; Supporting Declarations, and [Proposed] Judgment filed concurrently herewith] |

Mitchell Silberberg & Knupp LLP

DECLARATION OF ELAINE K. KIM

# DECLARATION OF ELAINE K. KIM

I, Elaine K. Kim, declare as follows:

1. I am an attorney at law duly licensed to practice law in the State of California and before this Court. I am an associate in the law firm of Mitchell Silberberg & Knupp LLP, attorneys of record for Defendants Lightstorm Entertainment, Inc. and James Cameron (collectively, "Defendants"). I submit this declaration in support of Defendants' Motion for Summary Judgment. I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of comparisons of James Cameron's artwork from the 1970s (attached as exhibits to the Declaration of James Cameron, filed concurrently herewith) with *Avatar* art and shots from the film (attached as exhibits to the Declaration of Jon Landau, filed concurrently herewith). Pages 21 through 25 of Exhibit 1 contains artwork, which, as stated in the Declarations of James Cameron and Jon Landau, constitutes Defendants' proprietary and confidential material that was not used in *Avatar*, but may be used in *Avatar* sequels. Accordingly, Defendants seek an order permitting them to file these pages under seal.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the DVD of *Avatar*.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the DVD of James Cameron's 1986 film *Aliens*.

5. Attached hereto as **Exhibit 4** is a true and correct copy of the DVD of James Cameron's 1989 film *The Abyss*.

Mitchell Silberberg & Knupp LLP

4909853.1/42040-00006

6. Attached hereto as **Exhibit 5** is a true and correct copy of the DVD of James Cameron's 1984 film *Terminator*.

7. Attached hereto as **Exhibit 6** is a true and correct copy of the DVD of James Cameron's 1991 film *Terminator 2*.

8. Attached hereto as **Exhibit 7** is a true and correct copy of Rudyard Kipling's 1888 story, "The Man Who Would Be King."

9. Attached hereto as **Exhibit 8** is a true and correct copy of the DVD of the 1976 film *The Man Who Would Be King*.

10. Attached hereto as **Exhibit 9** is a true and correct copy of Edgar Rice Burrough's 1917 novel, *A Princess of Mars*, the first book in the *John Carter* or *Barsoom* series.

11. Attached hereto as **Exhibit 10** is a true and correct copy of the DVD of the 1962 film *Lawrence of Arabia*.

12. Attached hereto as **Exhibit 11** is a true and correct copy of the DVD of the 1986 film *The Mission*.

13. Attached hereto as **Exhibit 12** is a true and correct copy of the DVD of the 1992 film *FernGully*.

14. Attached hereto as **Exhibit 13** is a true and correct copy of William Gibson's book containing his 1982 story, "Burning Chrome."

15. Attached hereto as **Exhibit 14** is a true and correct copy of the VHS tape of the 1991 film *At Play in the Fields of the Lord*.

16. Attached hereto as **Exhibit 15** is a true and correct copy of the DVD of the 1992 film *Medicine Man*.

17. Attached hereto as **Exhibit 16** is a true and correct copy of the DVD of the 1985 film *The Emerald Forest*.

18. Attached hereto as **Exhibit 17** is a true and correct copy of the DVD of the 1984 film *Sheena*.

19. Attached hereto as **Exhibit 18** is a true and correct copy of the DVD of the 1990 film *Dances With Wolves*.

20. Attached hereto as **Exhibit 19** is a true and correct copy of Alan Dean Foster's 1975 novel, *Midworld*.

21. Attached hereto as **Exhibit 20** is a true and correct copy of Harry Harrison's 1960 novel, *Deathworld*.

22. Attached hereto as **Exhibit 21** is a true and correct copy of Ursula K. LeGuin's 1972/1976 novel *The Word for World is Forest*.

23. Attached hereto as **Exhibit 22** is a true and correct copy of excerpts from the July 12, 2012 deposition of Plaintiff Gerald Morawski. As Plaintiff has designated the entirety of his deposition transcript as "Confidential" pursuant to the Protective Order entered in this case on June 11, 2012 (Docket No. 27), Defendants are submitting this exhibit under seal.

24. Attached hereto as **Exhibit 23** is a true and correct copy of Plaintiff's corrections to the July 12, 2012 deposition transcript of Plaintiff Gerald Morawski, served on August 22, 2012. As Plaintiff has designated the entirety of his deposition transcript as "Confidential" pursuant to the Protective Order entered in this case, Defendants are submitting this exhibit under seal.

25. Attached hereto as **Exhibit 24** is a true and correct copy of Plaintiff's handwritten notes, produced by Plaintiff in this action with the Bates numbers GM000111-194 and marked as Exhibit 1003 in Plaintiff's deposition. As these documents were designated by Plaintiff as "Confidential" pursuant to the Protective Order entered in this case, Defendants are submitting this exhibit under seal.

26. Attached hereto as **Exhibit 25** is a true and correct copy of Plaintiff's handwritten notes, produced by Plaintiff in this action with the Bates numbers GM000195-205. As these documents were designated by Plaintiff as "Confidential" pursuant to the Protective Order entered in this case, Defendants are submitting this exhibit under seal.

27. Attached hereto as **Exhibit 26** is a true and correct copy of a transcription of Exhibits 24 and 25 attached hereto, done by Mitchell Silberberg & Knupp LLP. Defendants are submitting this transcription solely for the convenience of the Court. As Exhibits 24 and 25 were designated by Plaintiff as "Confidential" pursuant to the Protective Order entered in this case, Defendants are submitting this transcription of those exhibits under seal.

28. Attached hereto as **Exhibit 27** is a true and correct copy of a document produced by Plaintiff in this action with the Bates numbers GM000080-86 and marked as Exhibit 1004 in Plaintiff's deposition, and a document with identical content with a fax line marked as Exhibit 1016 in Plaintiff's deposition. As this document was designated by Plaintiff as "Confidential" pursuant to the Protective Order entered in this case, Defendants are submitting this exhibit under seal.

29. Attached hereto as **Exhibit 28** is a true and correct copy of Plaintiff's Conceptual Summary of "Guardians of Eden," produced by Plaintiff in this action with the Bates numbers GM000087-94 and marked as Exhibit 1005 in Plaintiff's deposition. As this document was designated by Plaintiff as "Confidential" pursuant to the Protective Order entered in this case, Defendants are submitting this exhibit under seal.

30. Attached hereto as **Exhibit 29** is a true and correct copy of Plaintiff's Supplemental Response to Defendant Lightstorm Entertainment, Inc.'s Interrogatories 2, 3, 4, 5, 6, 7, 8, 11, 13, 14 and 15, served on July 6, 2012, marked as Exhibit 1006 in Plaintiff's deposition.

31. Attached hereto as **Exhibit 30** is a true and correct copy of a facsimile cover sheet dated December 27, 1991 from Plaintiff addressed to Ron Fricke and accompanying letter, produced by Plaintiff in this action with the Bates numbers GM000037-39 and marked as Exhibit 1007 in Plaintiff's deposition.

32. Attached hereto as **Exhibit 31** is a true and correct copy of what appears to be a copy of Lightstorm Entertainment, Inc.'s Confidentiality and Non-Disclosure Agreement with handwriting, and fax cover sheets dated November 1, 1991, produced by Plaintiff in this action with the Bates numbers GM000010-12 and marked as Exhibit 1009 in Plaintiff's deposition.

33. Attached hereto as **Exhibit 32** is a true and correct copy of the Agreement dated December 4, 1991 signed by Plaintiff, produced by Plaintiff in this action with the Bates numbers GM000008-09 and marked as Exhibit 1010 in Plaintiff's deposition.

34. Attached hereto as **Exhibit 33** is a true and correct copy of a letter dated September 25, 2005 from Plaintiff addressed to James Cameron, produced by Plaintiff in this action with the Bates numbers GM000032-36 and marked as Exhibit 1011 in Plaintiff's deposition.

35. Attached hereto as **Exhibit 34** is a true and correct copy of the document marked as Exhibit 1012 in Plaintiff's deposition, a memo from Anne Damato to James Cameron re: Pitch Meeting Notes dated December 4, 1991.

36. Attached hereto as **Exhibit 35** is a true and correct copy of a print-out of Plaintiff's Twitter feed, produced by Plaintiff in this action with the Bates numbers GM000078-79 and marked as Exhibit 1014 in Plaintiff's deposition.

37. Attached hereto as **Exhibit 36** is a true and correct copy of a letter from Plaintiff addressed to James Cameron and facsimile transmission sheet dated October 17, 1991, produced by Plaintiff in this action with the Bates numbers GM000020-22.

38. Attached hereto as **Exhibit 37** is a true and correct copy of Plaintiff's Response to Defendant Lightstorm Entertainment, Inc.'s First Set of Requests for Admission, served on May 18, 2012.

39. Attached hereto as **Exhibit 38** is a true and correct copy of Plaintiff's Second Supplemental Response to Defendant Lightstorm Entertainment, Inc.'s Interrogatories 2, 6, 7, 8, 11, and 14, served on August 15, 2012.

40. Attached hereto as **Exhibit 39** is a true and correct copy of excerpts of the transcript of the September 25, 2012 deposition of Nancy Nyberg.

41. Attached hereto as **Exhibit 40** is a true and correct copy of excerpts of the transcript of the August 4, 2012 deposition of Anne Damato. As Ms. Damato, who is not a party to this action, has designated her deposition transcript as "Confidential" pursuant to the Protective Order entered in this case, Defendants are submitting this exhibit under seal.

42. Attached hereto as **Exhibit 41** is a true and correct copy of a facsimile transmission report dated December 6, 1991, produced by Plaintiff in this action with the Bates number GM000247.

43. Attached hereto as **Exhibit 42** is a true and correct copy of a letter dated January 12, 1992 from Plaintiff addressed to James Cameron, produced by Plaintiff in this action with the Bates number GM000040.

44. Attached hereto as **Exhibit 43** is a true and correct copy of excerpts of the transcript of the August 17, 2012 deposition of Richard Mabius. As Mr. Mabius has designated his deposition transcript as "Confidential" pursuant to the Protective Order entered in this case, Defendants are submitting this exhibit under seal.

45. Attached hereto as **Exhibit 44** is a true and correct copy of the September 28, 2012 Affidavit of Christopher Butler, Office Manager at the Internet Archive, authenticating the attached articles from the Internet Archive service known as the Wayback Machine.

46. Attached hereto as **Exhibit 45** is a true and correct copy of Plaintiff's Responses to Defendant Lightstorm Entertainment, Inc.'s Second Set of Requests for Admission, served on September 10, 2012.

47. Attached hereto as **Exhibit 46** is a true and correct copy of Plaintiff's Response to Defendant James Cameron's First Set of Interrogatories, served on September 10, 2012.

48. Attached hereto as **Exhibit 47** is a true and correct copy of Plaintiff's Responses to Defendant Lightstorm Entertainment, Inc.'s Third Set of Requests for Admission, served on October 23, 2012.

49. Attached hereto as **Exhibit 48** is a true and correct copy of the Declaration of Jeff Bowen and Exhibit R thereto, from the court records in *Deutsche Bank National Trust Company, et al. v. Gerald Morawski, et al.*, Wisconsin Circuit Court Case Number 09-cv-016030. Plaintiff did not produce this document in this action.

50. Attached hereto as **Exhibit 49** are true and correct copies of articles available on LexisNexis about *Avatar* from July 7, 2006 through January 9, 2007.

51. Attached hereto as **Exhibit 50** is a true and correct copy of a printout from Plaintiff's Renderosity webpage, produced by Defendants in this action with the Bates numbers LIGHTS00193. I printed this from http://www.renderosity.com/mod/gallery/index.php?image_id=2017804&user_id=11177&member&np on September 12, 2012.

52. Attached hereto as **Exhibit 51** is a true and correct copy of an article from The Guardian's website entitled "Avatar," dated December 19, 2009, which I printed from http://www.guardian.co.uk/film/2009/dec/20/avatar-review on October 19, 2012.

53. Attached hereto as **Exhibit 52** is a true and correct copy of an article from CNN's website entitled, "Review: 'Avatar' delivers on the hype," dated December 17, 2009, which I printed from http://articles.cnn.com/2009-12-17/entertainment/avatar.review_1_avatar-sam-worthington-sacred-lands?_s=PM:SHOWBIZ on October 19, 2012.

54. Attached hereto as **Exhibit 53** is a true and correct copy of an article from NPR's website entitled, "'Avatar': Cameron's Dizzying, Immersive Parable," dated December 18, 2009, which I printed from http://www.npr.org/templates/story/story.php?storyId=121608074 on October 19, 2012.

55. Attached hereto as **Exhibit 54** is a true and correct copy of Plaintiff's Responses to Defendant James Cameron's Second Set of Interrogatories, served on October 23, 2012.

56. Attached hereto as **Exhibit 55** is a true and correct copy of Plaintiff's Response to Defendant Lightstorm Entertainment, Inc.'s First Set of Interrogatories, served on May 18, 2012.

57. Attached hereto as **Exhibit 56** is a true and correct copy of Plaintiff's First Amended Complaint and Exhibits thereto, filed in this action on January 4, 2012 and January 5, 2012 (Docket Nos. 6 and 8).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed November 6, 2012 at Los Angeles, California.

_____
Elaine K. Kim