ROBERT H. ROTSTEIN (72452)
  rxr@msk.com
ELAINE K. KIM (242066)
  ekk@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
Lightstorm Entertainment, Inc. and
James Cameron

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION - ROYBAL FEDERAL BUILDING

| | |
|---|---|
| GERALD MORAWSKI,<br><br>   Plaintiff,<br><br>v.<br><br>LIGHTSTORM ENTERTAINMENT, INC., JAMES CAMERON, and DOES 1 through 10,<br><br>   Defendants. | CASE NO. CV-11-10294 MMM (JCGx)<br><br>Hon. Margaret M. Morrow<br><br>**DEFENDANTS LIGHTSTORM ENTERTAINMENT, INC. AND JAMES CAMERON'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR ORDER MODIFYING SCHEDULING ORDER TO PERMIT DEFENDANTS TO DESIGNATE A FORENSIC COMPUTER EXPERT**<br><br>Trial Date:  March 12, 2013<br>Time:         8:30 a.m.<br>Ctrm.:         780 |

**TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants Lightstorm Entertainment, Inc. and James Cameron will and hereby do apply to the Court *ex parte* for an order modifying the expert discovery dates in the Scheduling Order in this action so as to permit Defendants to designate a forensic computer expert.

Good cause exists for this Application for at least the following reasons:

First, pursuant to the Scheduling Order, the last day to designate experts (other than rebuttal experts) was November 9, 2012. Defendants did not become aware (and could not have become aware) of the need to designate the expert who is the subject of this Application until December 2012, when an independent expert – mutually retained by the parties to conduct a search of Plaintiff's computer – provided reports on the results of that search, and Plaintiff then attempted to "explain away" information revealed by those reports. The opinion testimony of the forensic computer expert Defendants seek to designate is directly relevant to Defendants' contention that Plaintiff spoliated relevant evidence. The contemplated expert will opine on the prior existence of relevant files on Plaintiff's computer and external hard-drive, and about the significance of the vast amounts of deleted and unrecoverable data on Plaintiff's computer.[1] Spoliation is a critical issue relating to the admissibility of certain evidence to which Defendants object, and also to enable the trier of fact to evaluate Plaintiff's credibility.

Second, if this Application had been filed as a regularly noticed motion after Plaintiff refused to agree to a modification of the expert discovery dates as requested herein, that motion could not have been heard until January 28, 2013, at the earliest. The Pre-Trial Conference in this case is scheduled for February 11, 2013. Therefore, if a motion were heard on regular notice and granted, there

---

[1] The independent expert was retained solely to conduct the search the computer provided by Plaintiff, in an attempt to locate certain files and fragments. He was not retained to testify for or against either party, nor to opine on conclusions that can be drawn from data found (or not found) on Plaintiff's hard-drive.

Mitchell Silberberg & Knupp LLP

5028753.3

1

**DEFS' APPLICATION TO MODIFY SCHEDULING ORDER RE: FORENSIC COMPUTER EXPERT**

would not be sufficient time before the Pre-Trial Conference for the parties to exchange initial and rebuttal expert reports, to depose the experts, or to include information relating to the experts in the parties' pre-trial filings, such as Memoranda of Contentions of Fact and Law and Joint Witness List.

Third, granting this Application will not result in any change of the trial date, and therefore Plaintiff will not be prejudiced by the relief here requested.

Moving parties have complied with Local Rule 7-19. On December 17, 2012, Elaine Kim, one of the attorneys representing Defendants, sent an email to Peter Shimamoto, one of Plaintiff's attorneys, asking whether Plaintiff would voluntarily agree to a modification of the Scheduling Order for the purpose of allowing Defendants to designate both an audio expert (who examined an audiotape containing conversations that Plaintiff had recorded, which Plaintiff produced in late November) and the forensic computer expert described above, without the necessity of an *ex parte* application. On December 19, 2012, Mr. Shimamoto informed Ms. Kim that Plaintiff would agree to the audio expert but would not agree to the forensic computer expert. On December 20, 2012, Ms. Kim notified Mr. Shimamoto by e-mail that Defendants would be filing this Application after Christmas, so as not to interrupt anyone's holiday plans.

For the foregoing reasons, Defendants respectfully urge the Court to grant this *ex parte* application.

DATED: December 26, 2012          RESPECTFULLY SUBMITTED,

ROBERT H. ROTSTEIN
ELAINE K. KIM
MITCHELL SILBERBERG & KNUPP LLP

By: *Elaine K. Kim /axo*
Elaine K. Kim
Attorneys for Defendants
Lightstorm Entertainment, Inc. and
James Cameron

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Gerald Morawski claims that in December 1991, he pitched a story idea called "Guardians of Eden" to Defendants Lightstorm Entertainment, Inc. and James Cameron. Before the pitch, Plaintiff signed a written contract which provided that "should Lightstorm wish to acquire your [original ideas], the parties will negotiate therefore." Ex. B to First Amended Complaint (Docket No. 8 at 5-6). Eighteen years later, in December 2009, Twentieth Century Fox Film Corporation released the motion picture *Avatar*, which became a box office success. Plaintiff claims that the story he pitched in December 1991 has elements that are substantially similar to the story in *Avatar*. Defendants have filed a motion for summary judgment (to be heard on January 14, 2013) demonstrating that Plaintiff's claims fail as a matter of law because Cameron independently developed the story of *Avatar*, *Avatar* and "Guardians of Eden" are not substantially similar, the ideas that Plaintiff claims *Avatar* copied from his story were not original, Plaintiff's contract claims are time-barred, and Plaintiff cannot prove the requisite elements of his promissory fraud claims.

As discovery progressed in this action, it became apparent that Plaintiff has perjured himself, withheld documents, and spoliated evidence in an attempt to prevent Defendants from discovering certain information. This Application is directly relevant to the spoliation issue. Spoliation is obviously a critical issue bearing upon, among other things, the admissibility of certain evidence on which Plaintiff relies, and upon the trier of fact's assessment of his credibility, should this case proceed to trial.

At the heart of this Application are affidavits from certain of Plaintiff's friends that Plaintiff wrote and produced during discovery, that purport to set forth the affiants' recollections of what Plaintiff told them about the story idea he pitched to Defendants. While it is Defendants' position that the affidavits and

1 testimony of the affiants are inadmissible hearsay, Plaintiff has never denied that
2 Defendants are entitled to discover all information and documents relating to the
3 preparation of the affidavits, and the affiants' recollections and testimony. To this
4 end, promptly after Plaintiff produced the affidavits, Defendants began pressing to
5 obtain all documents relating to Plaintiff's communications with the affiants and to
6 the preparation of the affidavits, including notes, drafts, and written
7 communications.

8 After months of back-and-forth with Plaintiff's counsel, during which
9 Plaintiff initially denied having any files on his computer relating to the affidavits,
10 ██████████████████████████████████████████████████████████
11 ██████████████████████████████████████████████████████████
12 ██████████████████████████████████████████████████████████
13 ████████████████████████████████████████████ Defendants filed a
14 motion to compel Plaintiff's counsel to conduct or oversee a search of Plaintiff's
15 computer for relevant files, including notes, drafts, and written communications
16 relating to the affidavits. The day before the October 23 hearing on Defendants'
17 motion to compel, Plaintiff agreed to turn over his computer and the parties agreed
18 to retain an independent expert to conduct the search. Following further
19 negotiation about who the independent expert would be, the terms of his
20 engagement, and the protocol he would follow, in mid-November 2012 (**after** the
21 cut-off date for expert witness disclosures) Plaintiff sent his computer to the
22 independent expert. From November 29 until December 12, 2012, the independent
23 expert provided a series of reports based on his searches of the computer. Those
24 reports showed not only that there were massive amounts of deleted data on the
25 computer, but also that Plaintiff had transferred or stored clearly relevant
26 documents ████████████████████████████████████████████ on
27 external hard-drives that had been connected to the computer, which Plaintiff had
28 never produced in discovery.



13 It is the independent expert's reports, coupled with Plaintiff's attempt to
14 explain them away, that has given rise to the need for the forensic computer expert
15 that Defendants seek leave to designate.

16 Based on information disclosed in the independent expert's reports,
17 Defendants' contemplated expert will opine on the prior existence of relevant files
18 on Plaintiff's computer and external hard-drives, and on the significance of vast
19 amounts of deleted and unrecoverable data on that computer.[2] Among other
20 things, the reports issued by the independent expert show that efforts were
21 undertaken to prevent the recovery of deleted files from the computer.

22 Defendants believe that the contemplated expert's testimony will show the
23 willful spoliation of material evidence. Presumably, Plaintiff shares this belief, as
24 he is unwilling to agree to modify expert dates in the Scheduling Order so as to

---

[2] The independent expert was retained solely to locate relevant files or deleted fragments on Plaintiff's computer, with the goal of having those files and fragments produced. He was not retained to testify for or against either party, or to provide opinions at all, let alone opinions of the type for which Defendants seek to designate an expert.

3

**DEFS' APPLICATION TO MODIFY SCHEDULING ORDER RE: FORENSIC COMPUTER EXPERT**

permit Defendants to designate a forensic computer expert, even though he has agreed that the expert dates **can** be modified to enable Defendants to designate an audio expert to testify about an audiotape that Plaintiff produced in late November.

## II. SUMMARY OF RELEVANT FACTS[3]

To support his claims in this case, Plaintiff produced six signed affidavits from his friends (the "affiants") that purport to set forth their recollections of what Plaintiff told them about the story he claims to have pitched to Defendants in 1991. Kim Decl., ¶¶ 4-6. Twice during the months of June and July, Plaintiff, through his counsel, insisted that the only documents related to the affidavits that he had were the executed affidavits, and that he had no other related documents. *Id.*, ¶¶ 9-10, Exs. 1-2.

[REDACTED] *Id.*, ¶ 11, Ex. 3 (Morawski Dep. at 68:5-69:11). Given that testimony, Defendants' counsel again requested that Plaintiff produce all documents on his computer relating to the affidavits, including every non-final draft or portion thereof, even if overwritten. *Id.*, ¶ 12. In response, Plaintiff produced unsigned versions of the affidavits that were identical to those he previously had produced, save for the signatures. *Id.*, ¶ 13, Ex. 4. On August 3, Plaintiff's counsel represented that Plaintiff had now produced all files from his computer relating to the affidavits. *Id.*, ¶ 14, Ex. 5.

[REDACTED]

---

[3] The facts supporting this Application are set forth in the Declaration of Elaine K. Kim ("Kim Decl.") served and filed concurrently herewith.

[Lines 1-8: redacted]

9       In light of this testimony, in September 2012, Defendants again requested that
10 Plaintiff search for and produce all temporary and deleted files on his computer
11 relating to the affidavits, as well as the metadata of the final versions he had
12 produced. Kim Decl., ¶ 20, Ex. 11.

13       Unable to reach agreement, Defendants filed a motion to compel on October
14 2, 2012, seeking an order requiring, among other things, that Plaintiff's counsel
15 search or oversee a proper search of the computer, and that Plaintiff appear for a
16 further deposition to testify, among other things, about the role he played in
17 drafting the affidavits. *Id.*, ¶¶ 23-24. Before that motion was heard, Magistrate
18 Judge Gandhi ordered counsel for the parties to further meet and confer about these
19 issues. Counsel did so, and agreed on October 22 to select an independent expert
20 to conduct the search. *Id.*, ¶¶ 25-26.

21       Counsel then engaged in negotiations about who to retain as the independent
22 expert, the terms of his engagement, and the protocol he should follow in

---

[4] Plaintiff did not produce this Facebook message. [redacted] Kim Decl., Ex. 3 (Morawski Tr. at 300:13-301:14). [redacted]

5

**DEFS' APPLICATION TO MODIFY SCHEDULING ORDER RE: FORENSIC COMPUTER EXPERT**

Mitchell Silberberg & Knupp LLP
5028753.3

1  conducting his search. *Id.*, ¶¶ 27-29. On November 14, 2012, five days after the
2  cut-off date for expert witness designations, Plaintiff sent his computer to the
3  independent expert. Counsel then negotiated the search terms that would be run
4  and worked with the independent expert to refine those search terms based on the
5  tools that the expert had. *Id.*, ¶¶ 30-32, Exs. 14-16.

6      Between November 29 and December 12, 2012, the independent expert sent
7  counsel a series of reports containing information about the results of his searches
8  of Plaintiff's computer. *Id.*, ¶ 33, Ex. 14. These included a report showing the
9  remaining records of certain documents that had been transferred or stored on
10 external hard-drives that had been connected to Plaintiff's computer,
11 
12 *Id.*, ¶ 35, Ex. 18.
13 
14 *Id.* Plaintiff never produced this document in discovery, *id.*,
15 ¶ 35, and in fact
16 *Id.*, Ex. 3
17 (Morawski Dep. at 12:9-14:19; 15:5-23).[5]
18     Plaintiff's continued deposition took place on December 11, 2012.
19 
20 

---

[5] Plaintiff so testified, despite the fact that in his Initial Disclosures, Plaintiff stated that he had "[w]ritten documents and possibly recordings of conversations between Morawski and one or more of Defendants." Kim Decl., ¶ 5. Then, a month after his July 2012 deposition, Plaintiff produced an audio file containing recordings of purported conversations from December 1991 between himself and employees of Lightstorm, including Larry Kasanoff. *Id.*, ¶ 22. Plaintiff submitted these recordings in support of his Opposition to Defendants' Motion for Summary Judgment, claiming that prior to the first taped conversation, he obtained Mr. Kasanoff's authorization to record all of the taped conversations (Docket No. 154-3) – a claim that is demonstrably untrue given the content of the conversations themselves.

1
2
3
4 ███████ *Id.*, Ex. 17 (Cont. Morawski Dep. at 385:1-388:1; 400:21-
5 401:9). ███████
6
7
8 ███████ *Id.*, Ex. 17 (Cont. Morawski Dep. at
9 371:11-14; 373:6-18; 374:8-13; 375:15-376:9; 393:16-20; 398:8-400:14).
10 ███████
11 ███████ *Id.*, Ex. 17
12 (Cont. Morawski Dep. at 376:9-384:7; 388:21-389:18).

### III. <u>GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER TO PERMIT DEFENDANTS TO DESIGNATE A FORENSIC COMPUTER EXPERT</u>

Under Federal Rule of Civil Procedure 16(b), a scheduling order may be modified "by leave of court and upon a showing of good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003).

As is abundantly clear from the facts summarized above and set forth in greater detail in the Kim Declaration submitted herewith, Defendants more than meet the diligence standard here. Until the independent expert provided certain information in his December 2012 reports, and until Plaintiff tried to "explain away" that information at his December 11, 2012 deposition, Defendants did not

1 know, and could not have known, that they would need an expert to draw
2 conclusions about what that information means.

3     Plaintiff – whose conduct has caused the need for the contemplated expert in
4 the first place – will not be prejudiced by the relief sought by this Application.
5 Granting the Application will not alter the trial date. If the Court grants the
6 Application, Defendants will make their forensic computer expert disclosure by
7 January 8, 2013. Defendants propose that Plaintiff make any rebuttal expert
8 disclosure by January 16, 2013, and that depositions of these experts occur during
9 the week of January 21, 2013.

## IV. CONCLUSION

    For all the foregoing reasons, Defendants respectfully request the Court to modify the expert discovery dates in the Scheduling Order so as to permit them to designate a forensic computer expert, and make the required disclosures in connection therewith, no later than January 8, 2013.

DATED: December 26, 2012    RESPECTFULLY SUBMITTED,

ROBERT H. ROTSTEIN
ELAINE K. KIM
MITCHELL SILBERBERG & KNUPP LLP

By: _____Elaine K. Kim /axo_____
    Elaine K. Kim
    Attorneys for Defendants
    Lightstorm Entertainment, Inc. and
    James Cameron