**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10294 MMM (JCGx) | Date | January 23, 2013 |
|---|---|---|---|

| Title | *Gerald Morawski v. Lightstorm Entertainment, Inc., et al.* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

|  ANEL HUERTA  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          **Order Denying Plaintiff's *Ex Parte* Application for Leave to File a Supplemental Memorandum[179]**

Gerald Morawski filed this action against Lightstorm Entertainment, Inc., and James Cameron on December 13, 2011, asserting that defendants had breached a non-disclosure and confidentiality agreement with him, and had made false representations concerning their use of plaintiff's ideas for a film.[1]  Specifically, plaintiff alleged that defendants had made unauthorized use of his story, *Guardians of Eden*, in creating and producing the film *Avatar*.  Plaintiff subsequently amended his complaint.[2]  Defendants filed an amended answer to the amended complaint on July 24, 2012.[3]

On November 13, 2012, defendants filed a motion for summary judgment on all claims in plaintiff's first amended complaint.[4]  Defendants advanced several arguments as to why there were no triable issues of fact and they were entitled to judgment as a matter of law.  Among these was an argument that the uncontroverted evidence showed that Cameron had independently created *Avatar*.[5]

---

[1]Complaint, Docket No. 1 (Dec. 13, 2011).

[2]First Amended Complaint, Docket No. 6 (Jan. 4, 2012).

[3]Amended Answer, Docket No. 32 (July 24, 2012).

[4]Motion for Summary Judgment, Docket No. 115 (Nov. 13, 2012).

[5]*Id.* at 9.

Plaintiff had an opportunity to respond to this independent creation argument in his opposition to defendants' motion for summary judgment.[6]  He asserted that, while Cameron may independently have created isolated elements of *Avatar* prior to gaining access to *Guardians of Eden*, he did not combine the elements into a comprehensive story until after he had met with plaintiff and heard plaintiff's ideas.[7]

The court heard oral argument on the motion on January 14, 2013.  Prior to oral argument, it gave counsel a tentative order indicating that the court was inclined to grant defendants' motion. The tentative concluded, *inter alia*, that Cameron had independently created *Avatar*, and thus that there could be no inference that defendants had used plaintiff's ideas.  At the hearing, plaintiff's counsel reiterated the argument that Cameron did not combine isolated elements from his prior works into the comprehensive story that became *Avatar* until after he had met with plaintiff.  Plaintiff's counsel asserted that this raised triable issues of fact as to whether defendants should prevail on their independent creation defense.  At the conclusion of oral argument, the court took the matter under submission.

On January 17, 2013, plaintiff filed an *ex parte* application that sought leave to file a supplemental memorandum and declaration addressing the court's tentative ruling.[8]  Plaintiff asserts that parties are "frequently permitted to file supplemental memoranda to address tentative rulings issued by the Court."[9]  He also contends that, as defendants were the moving party, they were permitted to file two 25-page briefs, while he was only able to submit one.  As a result, he contends, equity supports allowing him to file a supplemental memorandum.[10]  Finally, plaintiff asserts that he only had a limited amount of time to review the tentative ruling prior to oral argument, and thus was unable to address the issues outlined in the tentative fully at the hearing.[11]  Defendants oppose the application.[12]

---

[6]Opposition to Motion for Summary Judgment, Docket No. 154 (Dec. 6, 2012), at 21.

[7]*Id.* at 21.

[8]*Ex Parte* Application for Leave to File Memorandum and Declaration ("Application"), Docket No. 179 (Jan. 17, 2013).

[9]*Id.* at 3.

[10]*Id.*

[11]*Id.*

[12]Memorandum of Point and Authorities in Opposition to *Ex Parte* Application ("Opp."), Docket No. 181 (Jan. 18, 2013).

A district court has discretion to permit additional briefing.  See *Scarff v. Intuit, Inc.* 318 Fed. Appx. 483, 486 (9th Cir. Nov. 24, 2008) (Unpub. Disp.) ("We review claims of error in a district court's denial of a motion for leave to present 'further argument' for abuse of discretion"); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 659 (D. Kan. 1999) (explaining that courts have "discretion to permit additional briefs or memoranda" to supplement those explicitly permitted by local rules).  Generally, additional briefs are "disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter."  *Sims v. Paramount Gold & Silver Corp.*, No. CV 10–356–PHX–MHM, 2010 WL 5364783, *8 (D. Ariz. Dec. 21, 2010); *In re Franklin Ridgewood Associates,* No. 89–12992S, 1990 WL 153572, *7 n. 3 (Bankr. E.D. Pa. Oct. 11, 1990) ("The practice of submitting any unsolicited supplemental brief is always disfavored").

After reviewing plaintiff's application, the court denies his request for leave to file a supplemental memorandum.  Plaintiff has not shown that there is good cause to permit him to file an additional brief; his assertion that he was entitled to file only a single brief, while defendants filed two, reflects routine procedural rules that apply to all motions filed in this court.  This is an insufficient reason to allow further briefing; a contrary holding would essentially negate the local rules that establish briefing schedules, since under plaintiff's rationale, any opposing party could seek leave to file an additional memorandum.  Furthermore, although plaintiff contends he had insufficient time to review the court's tentative ruling prior to oral argument, counsel appeared to grasp the salient points of the tentative and to address them in his argument.  The court prepares tentative rulings to allow counsel to focus on perceived flaws in the court's analysis or overlooked evidence in the record.  It does not issue them to invite further briefing.

Defendants raised no new arguments in their reply or at oral argument, nor did they cite to new evidence.  Plaintiff was fully aware that defendants relied on an independent creation defense at the time he filed opposition to their summary judgment motion, and has not suggested that he was unable fully to detail his opposing viewpoint in his brief.  See *Scarff*, 318 Fed. Appx. at 485-86 (affirming the district court's denial of a request for leave to file a supplemental brief because "[t]he plaintiffs offered no equitable reasons for failing to file a complete written opposition to the summary judgment motion"); see also *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005) (while a court has discretion to authorize additional briefing, "this discretion should be exercised in favor of allowing a [supplemental brief] only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief").  Plaintiff had access to the complete evidentiary record and to defendants' explication of their independent creation defense when he filed opposition and when his attorney appeared at oral argument.  The court concludes he is not entitled to a third opportunity to address defendant's claim.

The cases cited by plaintiff, moreover, do not establish that leave to file supplemental briefing is freely given by courts upon request.  In fact, none of the cases he cites involved a party that unilaterally sought leave to file a supplemental brief.  Rather, they concern instances in which the court itself invited additional briefing.  See *Fussell v. AMCO Ins. Co.*, No. 2:11-cv-02766-BEG-EFB,

2013 WL 127675, *13 (E.D. Cal. Jan. 9, 2013) (the court invited both sides to file written objections to the tentative ruling that specified the requested correction, addition, or deletion, and noted that if no briefs were filed, the tentative ruling would become the final order); *Oracle America, Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 6055505, *9 (N.D. Cal. Dec. 6, 2011) (the court invited both parties to file 10-page supplemental briefs "critiquing" the tentative ruling, prior to oral argument on the motion).

Ultimately, it appears that plaintiff is simply attempting to "have the last word" on the question of independent creation.   As a consequence, the court finds no reason to grant his *ex parte* application.  See *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, No. 05-8493 PA (SHx), 2006 WL 5097404, *1 (C.D. Cal. June 15, 2006) ("A party's last-minute desire to supplement its Motion, after having timely filed a Reply, is not sufficient to justify *ex parte* relief").  Plaintiff's *ex parte* application for leave to file a supplemental memorandum is therefore denied.